*1240 On the Merits.
The Metropolitan Bank, not originally a party to the suit below, has taken this appeal as a creditor of the late Marshall P. Phillips, averring that it is aggrieved by the judgment herein in favor of the plaintiff.
The appellant assigns for error—
First — That the widow, who had qualified as tutrix of her minor children, is without capacity to stand in judgment without notice to the creditors or opportunity to be heard.
Second — That the defendant did not defend the suit in the District Court.
Third — That the succession being insolvent, an administrator should have been appointed.
Fourth — That there was no evidence establishing that plaintiff had remained in possession of the notes executed by the vendee.
Fifth — That the action was premature, the extention of time not having expired.
Sixth — That plaintiff was not entitled to the revenue, nor to the rents.
Seventh — That he was not entitled to the revenues for the year 1894, nor to the crop of that year, which was on the premises at the time the judgment was rendered.
Eighth — That the plaintiff was not entitled to interest or rents or revenues, and the judgment was ultra petitem.
Ninth — That the succession is not given proper credit for improvements.
Tenth — That no tender was made.
The first ground assigned, that the widow as tutrix administering her husband’s succession was without capacity to stand in judgment, is not sustained by the authorities.
In Bryan vs. Atchison, 2 An. 462, a well-considered case, the defense was that a tutrix can not stand in judgment in an action for the sale of property of the minors, and that a sale, under a judgment obtained in such a case, will not be binding on the heirs or creditors.
The defence in that case failed, and the court held that a tutor may, as such, administer the succession.
Regarding the alleged want of notice by the tutrix to the creditors of a pending suit, made part of' defendant’s first assignment of errors:
*1241 The plaintiff creditor and Che defendant tutrix were not in duty bound to notify the creditors of the succession of a suit for the resolution of the sale. It devolved upon the latter to intervene and protect their claims. It has been decided that a judgment decreeing the sale of succession property to pay debts is valid, although not preceded by notice to the creditors. There is no rule of law under which an exception should be 'made and the legal representative of the succession (or the creditor suing) required to notify the creditors of a suit for a resolution of the sale.
The Metropolitan Bank, in general terms, complains that the defendant did not defend the suit, and that it was a consent decree.
There is a contestatio litis on the face of the papers. The estate was opened, an inventory was made, and the tutrix qualified some time prior to the suit. The action was brought, the original papers were served, and the usual delays intervened from the day of service to that of judgment.
The Metropolitan Bank had ample time, in its own defence, to urge the grounds it contends the defendants should have urged.
The assignment of errors also sets forth that the succession was insolvent, and that there was a consequent necessity for the appointment of the administrator.
The succession was insolvent.
But the creditors had it in their power to prevent the tutrix from administering as tutrix.
We do not wish to be understood as limiting the right which every creditor may have to insist upon the appointment of an administrator of an estate in cases where their interests require such an appointment. The creditor who does not object to the administration of the tutrix is not in a position to successfully complain of her acts of administration, on the ground that having applied for the administration she should have brought her administration as tutrix to a close. As she had not yet qualified, and as the creditor had not urged the least objection, it is too late on appeal to assail her acts on the ground that the mere application for administration was repugnant to her acts as tutrix administering the affairs of the succession.
It is also alleged in the assignment that the mortgage notes did not remain untransferred in plaintiff’s possession.
Under the pleadings, we do not'think it was incumbent on plaintiff to prove that he had not at any time transferred the notes, originally issued to him as payee.
*1242 The cited case, Bank vs. Cage et al., 40 An. 140, has no bearing upon the issues, for the reason that the transfer of the note was established, and the fact was manifest that it had been subsequently-transferred back to the original holder.
The issue was presented and the evidence admitted.
The onus does not rest on the vendor, who sues for a resolution of the sale, of proving that he never, at any time, parted with his notes, in the absence of any plea on the subject on the part of the defendant.
The alleged prematurity of the suit is not supported by the facts. The debt was due to plaintiff when the suit was brought.
We think that the notes had matured on their face. Moreover, the plainiiff stipulated in the deed giving an extension, that if the debtor defaulted in making any payment, the whole debt would mature.
The Metropolitan Bank urges as one of its grounds, that the plaintiff was not entitled to the revenues made by the defendant during the time he owned the plantation.
The resolutory condition operates a revocation of the obligation, -It even retroacts and places matters as if the sale had never existed; in prseteritum tempus ex tune. All things must be- replaced in the same state as if the obligation had never existed. The creditor must return the property and the fruits.
“ The effect of the resolutory condition is retroactive and puts the parties in the same position of having never contracted.” O. O. 2045. The consequence of which is that the acquirer of property under that condition, will, on resolution, owe its fruits from the day of the contract, and the other party the principal and the interests of the sums received. Mechanic’s Society, 31 An. 635; Detepus vs. Shallus, 15 La. 372.
The bank urges that in no event the plaintiff is entitled to the revenue for the year 1894. There is force in this objection. The plaintiff, under the judgment resolving the sale, became the owner in July, 1894. The evidence taken in that month showed the net revenue that would be made on the crop at the end of the year. At the end of the year it was the property of plaintiff. The defendant and the late debtor of the plaintiff did not receive any part of the proceeds. They can not be charged with that which they have not received. The sum of five thousand dollars, allowed in the judgment *1243 for the crop of 1894, must, therefore, be deducted from plaintiff’s total credit under the terms of the judgment.
The bank assigns, as another error, that the judgment allowing interest is ultra petitem, and that plaintiff is not entitled to interest on the revenue. With reference to the interest claimed in the supplemental petition, which we think was at issue, plaintiff claims legal interest without alleging a date.
Under the prayer for general relief the • date may, in effect, be considered alleged. Leverich vs. Walden, 1 Rob. 469. Moreover, if the interest be due on the claim it is a legal consequence of the claim for the amount of the fruits. D’Aquin vs. Coiron, 8 N. S. 622.
The case upon this point may be sui generis. It does none the less seem fair and equitable that, as the plaintiff must pay interest on the sums for which he must account, the defendant should also pay interest on the sums for which she must acount.
Regarding the Interests on the Fruits.
The plaintiff having been held to account for legal interest on the price collected, the District Court held the defendant bound for interest on the amounts received for crops.
It is an equivalent in principle, needful to place matters, between vendor and vendee, as if the sale had never existed.
“ When the interest is a legal consequence of the debt or obligation, without any stipulation, as demand for the principal is a demand of both principal and interest, the one necessarily follows the others.” Duke of Richmond vs. Milne’s Executor, 17 La. 331.
The assignment of error that the succession is not given proper credit for improvements is not sustained by the facts.
The amount proved by the evidence was allowed in the judgment. The District Judge who heard the witnesses thought the estimate placed on the value of the property correct. After reading and conr sidering the testimony on that point, we conceive of no reason to amend the judgment in so far as relates to credit for improvements.
And, lastly, the appellant bank urges that no tender was made. Tender was not an issue in the court below. We do not think it proper to decide that the plaintiff did not offer to return the price and interest; an omission not established by evidence in the lower court. The cases cited are cases in which tender was required by an issue of some sort.
*1244 A third person on appeal is without right to have a judgment annulled, for want of tender, on no issue of tender previously raised. Moreover a real tender is unnecessary when the offer to pay is refused.
Defendant’s pleas in her answer were, at least, equivalent to a refusal to accept any tender. She not only did not plead want of tender, but tendered a defence entirely inconsistent with any willingness on her part to accept any amount if tendered.
It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by deducting five thousand dollars from the amount heretofore allowed to the plaintiff, leaving him indebted to the succession of Marshall P. Phillips in the sum of five thousand and fifty-six dollars, instead of fifty-six dollars, as heretofore decreed by the Distrist Oourt (also whatever interest may have been charged on the said five thousand dollars in the judgment appealed from). In all other respects the judgment is affirmed.
The plaintiff and appellee to pay to the Metropolitan Bank its costs in both courts.